T.C. Memo. 2003-257


UNITED STATES TAX COURT


PATRICK F. PHILIPPI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16008-02.          Filed September 2, 2003.


Patrick F. Philippi, pro se.

<u>Melissa J. Hedtke</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined deficiencies of $3,994 and $4,532 in petitioner's Federal income tax (tax) for 1999 and 2000, respectively.

The issues remaining for decision are:[1]

---

[1]In addition to the issues remaining for decision listed
(continued...)

(1)  Is petitioner entitled to deduct for 2000 claimed Schedule A expenses in excess of those allowed by respondent?  We hold that he is not.

(2)  Is petitioner entitled to deduct for 1999 and 2000 claimed Schedule C expenses?  We hold that he is not.

(3)  Is petitioner entitled to deduct for 1999 or 2000 a claimed rental loss?  We hold that he is not.

FINDINGS OF FACT

Many of the facts have been stipulated and are so found.

Petitioner resided in St. Paul, Minnesota, at the time he filed the petition in this case.

During 1999 and 2000, petitioner worked as a carpenter, for which he was paid hourly wages.  During those years, when petitioner was not working as a carpenter for hourly wages, he was making improvements to his personal residence, which included building cabinets, installing trim, and making headpieces for the doors.

_____

[1](...continued)
below, there are other questions relating to certain determinations in the notice of deficiency (notice) that are computational in that their resolution flows automatically from our resolution of the remaining issues that we address herein, from the parties' stipulation of facts, and from respondent's concessions with respect to certain determinations in the notice.  Although petitioner claimed at trial that respondent determined that he has unreported income for 2000, the notice did not make any such determination.  We conclude that there is no issue in the instant case relating to unreported income for petitioner's taxable year 2000.

During 1999 or 2000, petitioner was not in business with his brother-in-law, James Swanberg (Mr. Swanberg). Over at least the period 2000-2002, petitioner brought various lawsuits (petitioner's lawsuits) against Mr. Swanberg in the courts of Chisago County, Minnesota (Minnesota courts). In those lawsuits, petitioner sought payment for a house that petitioner alleged he had built with Mr. Swanberg. The Minnesota courts dismissed all of petitioner's lawsuits.

Petitioner filed Form 1040, U.S. Individual Income Tax Return, for each of his taxable years 1999 (1999 return) and 2000 (2000 return).

Petitioner included Schedule A--Itemized Deductions (Schedule A) as part of his 2000 return. In that schedule, petitioner claimed medical and dental expenses of $3,000, taxes paid of $4,000, home mortgage interest and points paid of $7,000, and a casualty or theft loss of $200,000 (claimed $200,000 Schedule A loss).

Petitioner included Schedule C, Profit or Loss From Business (Schedule C), as part of his tax return for each of the years 1999 (1999 Schedule C) and 2000 (2000 Schedule C). Petitioner's 1999 Schedule C showed gross receipts of $18,000 and claimed various expenses totaling $18,300. Petitioner's 2000 Schedule C showed $20,000 of gross receipts and claimed various expenses totaling $20,000. Petitioner's 2000 Schedule C also claimed a

deduction of $200,000 for an alleged "Loss of House" (claimed

$200,000 Schedule C loss).  As an explanation for such claimed

loss, petitioner's 2000 Schedule C stated, inter alia:

> The IRS audited the Swanbergs 7 times from 84-95-  91
> they were ordered to pay $200,000 in damage-  4 attempt
> to collect have disolved this settlement.  [Reproduced
> literally.]

Petitioner's claimed $200,000 Schedule C loss relates to the same

claimed loss as petitioner's claimed $200,000 Schedule A loss.

Respondent issued a notice to petitioner with respect to his

taxable years 1999 and 2000.  In that notice, respondent, inter

alia, disallowed for the taxable year 2000 petitioner's claimed

Schedule A deductions and disallowed for each of the taxable

years 1999 and 2000 petitioner's claimed Schedule C deductions.

## OPINION

The parties do not address section 7491(a).[2]  Since the

years at issue are 1999 and 2000, we presume that section 7491(a)

is applicable in the instant case.  Petitioner has failed to

establish that he satisfies section 7491(a)(2)(A) and (B) with

respect to the factual issues that remain in this case.  On the

record before us, we conclude that petitioner's burden of proof

on the issues that remain in this case, see Rule 142(a); Welch v.

Helvering, 290 U.S. 111, 115 (1933), does not shift to respondent

---

[2]All section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

under section 7491(a). With respect to any deductions that petitioner is claiming for each of the years at issue, deductions are strictly a matter of legislative grace, and petitioner bears the burden of proving that he is entitled to any deductions claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

In support of his position that he is entitled (1) for the taxable year 2000 to Schedule A deductions in excess of those allowed by respondent, (2) for the taxable years 1999 and 2000 to Schedule C deductions claimed in his 1999 return and his 2000 return, respectively, and (3) for the taxable year 1999 or the taxable 2000 to a claimed rental loss deduction,[3] petitioner relies on his testimony and certain exhibits. We found petitioner's testimony to be general, conclusory, vague, and uncorroborated in material respects. We shall not rely on petitioner's testimony to support his position with respect to the claimed deductions at issue. The exhibits on which petitioner relies to support his position with respect to those claimed deductions consist of copies of (1) a letter from the Minnesota Department of Revenue to petitioner with respect to his 1996 Minnesota income tax return, (2) a letter to petitioner from the

_____

[3]The $200,000 rental loss deduction to which petitioner contends he is entitled for the taxable year 1999 or the taxable year 2000 relates to the same claimed loss as petitioner's claimed $200,000 Schedule A loss and petitioner's claimed $200,000 Schedule C loss. Petitioner testified that since the 1980s he has been claiming the same $200,000 deduction in his tax returns.

Minnesota Department of Revenue regarding a tax lien for his taxable year 1996, (3) petitioner's 1996 Federal income tax return, (4) a letter from the Internal Revenue Service responding to an inquiry of petitioner, in which the Internal Revenue Service informed petitioner that it had no record of a lien "being filed for personal taxes for tax years 1988-1999", and (5) a transcript of the court proceedings of the felony sentencing of petitioner in the District Court, Tenth Judicial District, of the State of Minnesota. None of the exhibits on which petitioner relies supports his position in this case with respect to the claimed deductions at issue.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled (1) for the taxable year 2000 to Schedule A deductions in excess of those allowed by respondent, (2) for the taxable years 1999 and 2000 to Schedule C deductions claimed in his 1999 return and his 2000 return, respectively, and (3) for the taxable year 1999 or the taxable year 2000 to a claimed rental loss deduction.

We have considered all of the contentions and arguments of petitioner that are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing and the concessions of respondent,

<u>Decision will be entered</u>

<u>under Rule 155</u>.